Case 2:13-cv-02825-NIQA  Document 11  Filed 08/30/13  Page 1 of 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KNIGHTBROOK INSURANCE CO.<br>*Plaintiff* | : CIVIL ACTION<br>:<br>: |
| v. | : NO. 13-2825 |
| DEL VAL STAFFING, LLC, *et al.*<br>*Defendants* | :<br>: |

FILED

AUG 3 0 2013

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## MEMORANDUM

Before the Court is a motion to intervene in the above-captioned declaratory judgment action, filed by counsel on behalf of Norman Williams, Rosalie Baldwin, Juan E. Tirado, Gilbert Pagan, Karima Tomlin, Milton A. Lewis, Russell Voulasitis, Christopher Cooper, Tammy Lott, Stanley Peacock, Marisol Colon-Torres, Malika Haggins, and Charles L. Hill, an incapacitated person, by and through his guardian Lori Wright (herein Petitioners; Plaintiffs in multiple consolidated state court motor vehicle actions). [ECF 3]. The motion is formally opposed [ECF 7] and is ripe for disposition. For the reasons stated herein, the Court finds that the requirements for intervention have not been met and, therefore, denies Petitioners' motion.

### I.     BACKGROUND[1]

Plaintiff KnightBrook Insurance Company ("KnightBrook"), is an insurance company which provided a commercial automobile insurance policy to Defendant Del Val Staffing, LLC ("Del Val"). Del Val is an organization that provides workers[2] to companies within the Philadelphia area. As part of its services, Del Val operates a transport service that picks up these individuals and transports them to designated worksites.

---

[1] The facts set forth are from KnightBrook's complaint.

[2] KnightBrook contends that the transported workers were "employees" of Del Val, as that term is used in the insurance policy. In this memorandum, we express no opinion as to whether these workers fall within the policy's definition of "employees."

1

On May 17, 2010, a bus owned by Del Val and operated by its employee, Defendant Charles Bartlett, picked up in Philadelphia several individuals purportedly employed by Del Val[3] and transported them to a worksite in New Jersey. At all relevant times, the bus was insured by KnightBrook. On the return trip that evening, the bus was involved in a one-vehicle accident that resulted in bodily injuries to several passengers, herein Petitioners. Thereafter, Petitioners commenced multiple civil actions against various parties, including Del Val and Bartlett, averring to have suffered serious injuries and damages as a direct result of the accident. Del Val tendered its defense to KnightBrook, asserting its right under the insurance policy, and KnightBrook, in turn, under a reservation of its rights, provided representation to Del Val and Bartlett in the state civil actions.

On March 22, 2013, KnightBrook filed a declaratory judgment action in federal court seeking a determination of coverage; *to wit*: whether it has an obligation to provide defense, indemnity or other coverage or benefit to Del Val and/or Bartlett for the claims asserted in the state actions. KnightBrook asserts that it has no such obligation because the insurance policy, *inter alia,* excludes coverage for bodily injury suffered by any Del Val employee arising out of his/her employment. It further contends that Petitioners, at the time of the motor vehicle accident, were employees of Del Val.

On July 10, 2013, Petitioners filed a motion to intervene in this action essentially arguing that the judgment KnightBrook seeks might adversely affect any judgment Petitioners receive in the state civil actions and/or that this action shares common questions of law and/or fact with the state court actions.

---

[3] The Del Val workers purportedly included each of the individuals that now seek to intervene in this action ("Petitioners").

2

## II. DISCUSSION

### A. Intervention as of Right

Federal Rule of Civil Procedure ("Rule") 24 governs the two types of intervention in pending federal actions. Specifically, Rule 24(a) provides the basis for intervention of right, while Rule 24(b) provides the basis for permissive intervention. Pursuant to Rule 24(a), a court "must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(a)(1) does not apply in this case. Petitioners rely on Rule 24(a)(2).

The matter of *Liberty Mutual Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216 (3d Cir. 2005) is controlling to the disposition of this motion. Therein, the Third Circuit Court of Appeals held that a party seeking intervention of right under Rule 24(a)(2) must establish: (1) a timely application; (2) a sufficient interest in the litigation; (3) a threat that the interest will be impaired by the disposition of the action; and (4) a lack of adequate representation of the interest by the existing parties. *Id.* at 220 (*citing Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir. 1998)). Each of these requirements must be met to allow a petitioner to intervene of right. *Mountain Top Condominium Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 366 (3d Cir. 1995). Key to establishing a sufficient interest for intervention, a petitioner "must demonstrate an 'interest relating to the property or transaction which is the subject of the action.'" *Liberty Mutual*, 419 F.3d at 220 (*quoting Mountain Top*, 72 F.3d at 366). Because the "sufficient interest" factor is dispositive in this case, this Court limits its analysis to this requirement.

The facts in this case are analogous to the facts in *Liberty Mutual*. There, an insurer commenced a declaratory judgment action against its insured to determine the scope of coverage of an insurance policy. 419 F.3d at 218-219. As in this case, the defendant in *Liberty Mutual* was also a defendant in underlying tort actions filed in state court by plaintiffs who alleged having suffered injuries as a result of exposures to the defendant's asbestos-containing products. In support of their motion to intervene in the declaratory judgment action, the only interest asserted was petitioners' desire to ensure that the insurance policy would be available to satisfy judgments in the underlying tort actions. *Id.* Affirming the district court's denial of the motion to intervene, the Third Circuit held that the petitioners' interest in the policy was insufficient to support intervention of right under Rule 24(a)(2) because petitioners' interest was a "mere economic interest" and not "property interest or other legally protectable interest." *Id.* at 222. It further stated that "the mere fact that a lawsuit may impede a third party's ability to recover in a separate suit ordinarily does not give the third party a right to intervene." *Id.* at 223.

Here, the facts pled lead to an identical conclusion. Petitioners filed state court actions to recover damages for injuries they allegedly suffered in a motor vehicle accident as the result of Defendants' negligence. In the motion to intervene, Petitioners present the same argument and claim the same interest as the petitioners in *Liberty Mutual*. Therefore, this Court concludes that Petitioners' only interest in intervening in this matter – like that in *Liberty Mutual* – is a "mere economic interest" in the insurance proceeds and not a "property or other legally protectable interest." In light of the case law cited, Petitioners' interests are insufficient to permit intervention of right.[4]

---

[4] We note that like the petitioners in *Liberty Mutual*, Petitioners here "cite no controlling authority to support their argument that plaintiffs who have asserted tort claims against the insured can intervene as of right in an insurance coverage declaratory judgment action between the insured and its insurer." *See Liberty Mutual*, 419 F.3d at 223. We also found no authority to support Petitioners' motion.

4

### B. Permissive Intervention

Rule 24(b) provides the basis for permissive intervention in a pending federal action. Under this Rule, a court may permit a party to intervene if the petitioner "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Applying this provision to similar facts in *Liberty Mutual*, the Third Circuit held that there were no shared common issues of law or fact between a declaratory judgment action involving an insurer and its insured and the personal injury actions brought against the insured. *Liberty Mutual*, 419 F.3d at 227-228. In reaching its conclusion, the Court stated that the declaratory judgment action turned on the interpretation of the insurance contract at issue, while the personal injury actions turned on whether the plaintiffs' injuries were caused by the defendant. *Id.* at 227. Under the facts presented, the Court concluded that "[w]here a proposed intervenor has only a contingent financial interest in a declaratory judgment action to establish insurance coverage, he/she can not accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries [the insured] may have caused." *Id.* at 228.

Like the movants in *Liberty Mutual*, Petitioners here are not parties to the insurance agreement nor have they demonstrated any legal right to or property interest in any insurance proceeds. At best, Petitioners have asserted a "contingent financial interest in a declaratory judgment action to establish insurance coverage." As stated, their only concern is the potential impact to their ability to collect a possible future judgment against Del Val and Bartlett. As such, Petitioners cannot "accurately claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries [Defendants] may have caused." Thus, intervention is not permitted.

Petitioners assert intervention should be allowed because this matter shares common questions of law and fact as to their "employment" status, an issue raised in the state court civil actions. *See* Motion at 12. Apart from this single conclusory allegation, however, Petitioners have failed to articulate how the two actions share common questions of law and fact. A similar argument was rejected by the Honorable Michael Baylson in *Selective Way Insurance Company v. Head*, 2011 WL 1459000, at *6 (E.D. Pa. Apr. 14, 2011); *to wit*: "[a]ny question concerning [Petitioners'] status as ... 'employee[s]' in the state court action[s] will be determined under the governing state law, not pursuant to the insurance contract" between KnightBrook and Del Val. This Court agrees and finds that the determination of Petitioners' employment status, if any, is not a common issue of law or fact, thus, warranting the denial of the motion to intervene. Therefore, relying on the holdings of *Liberty Mutual* and *Selective Way Insurance Company*, Petitioners' motion for permissive intervention is denied.

## III. CONCLUSION

For the reasons stated, Petitioners have failed to establish either a sufficient interest relating to the property or transaction that is the subject of this litigation or a claim or defense that shares with this action a common question of law or fact, as required by Rule 24. Accordingly, Petitioners' motion to intervene is denied. An Order consistent with this memorandum follows.

BY THE COURT:

NITZA I. QUIÑONES ALEJANDRO, J.